

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| ELIJAH EL-HAJJ SHARMBA, | * | Case No. 05-41299-WIL |
| | | Chapter 7 |
| Debtor. | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| JAMES M. WOLLACK, | * | |
| Movant, | * | |
| v. | * | Adv. No. 06-1147-WIL |
| ELIJAH EL-HAJJ SHARMBA, | * | |
| Respondent. | * | |

* * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF ORDER GRANTING MOTION [20] OF
JAMES M. WOLLACK FOR ENTRY OF JUDGMENT BY DEFAULT**

On February 8, 2006, James M. Wollack (the "Plaintiff") filed a Complaint Objecting to Discharge Based Upon 11 U.S.C. §523(a)(2)(A) (the "Complaint") against Elija El-Hajj Sharmba (the "Debtor"). On May 15, 2006, the Debtor filed an Answer. However, this pleading was stricken by Order [18] entered on October 4, 2006 as sanctions for Debtor's failure to appear at the pretrial conference held on September 11, 2006, and for his failure to respond to this

Court's Order [14] directing him to show cause why he did not appear.  On October 11, 2006, the Plaintiff filed a Request [20] for entry of judgment by default (the "Motion").  In addition, on September 14, 2006, this Court entered an Order [13] granting, in part, the Plaintiff's motion for summary judgment.  In that Order [13], $700.00 of the Plaintiff's claim was determined to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).  At the time, the Debtor's Answer had yet to be stricken and raised facts in dispute.  The Court now considers whether the Complaint, by itself, states a cause of action sufficient for a finding that the remainder of the Plaintiff's claim is not dischargeable under the standard of default.  The Court finds that the Motion will be granted.

The Court assumes the facts asserted in the Complaint to be true for purposes of the request for judgment by default.  *See DeBarros v. Nat'l. City Bank (In re DeBarros)*, 275 B.R. 251 (Bankr. D. Md. 2002) (the effect of default is that the facts of the complaint, but not the conclusions, are deemed admitted by the defaulting party and are assumed by the court to be true); *Cunningham v. Homecomings Financial Network (In re Cunningham)*, 246 B.R. 241, 243 (Bankr. D. Md. 2000); *Sears, Roebuck & Co. v. Goycochea (In re Goycochea)*, 192 B.R. 847 (Bankr. D. Md. 1996).  The Court must review the complaint to determine whether the unchallenged facts constitute a legitimate cause of action.  *In re Cunningham*, 246 B.R. at 243.  If the facts stated in the complaint, on its face, do not support the relief sought, the motion for judgment by default will not be granted.  *In re Goycochea*, 192 B.R. at 848.

**Facts**

The Plaintiff alleged in the Complaint that he responded to an Ebay online auction for the custom manufacture of a motorcycle by the Debtor.  The Plaintiff also alleged that sometime in May 2004, he paid $24,300.00 for the purchase of a custom-built motorcycle and that the Debtor promised to deliver it within 65-75 days.  The Plaintiff further alleged that, despite having paid for it in advance, the Debtor used the funds to meet his household expenditures rather than build the motorcycle as promised.  The Plaintiff also alleged that the motorcycle is now being offered for sale to others, and that the purchase money was not returned to him.  He finally alleged that the Debtor's promise to build the motorcycle was a false and material representation of fact, that the Debtor knew the representation was false when he made it, that he had no intention of honoring any commitment to provide the custom-made motorcycle to Plaintiff, that the Plaintiff reasonably relied on the false representation, and that he suffered damages as a result of that reliance.

**Conclusions of Law**

A debtor's misconduct under Section 523(a) need only be shown by a preponderance of the evidence.  *First Nat'l. Bank of Md. v. Stanley (In re Stanley),* 66 F. 3d 664, 667 (4th Cir. 1995) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654 (1991).  However, exceptions to discharge are strictly construed against creditors in order to protect a debtor's fresh start. *Spinoso v. Heilman (In re Heilman)*, 241 B.R. 137, 148 (Bankr. D. Md. 1999) (internal citations omitted).         11 U.S.C. §523(a)(2)(A) excepts from discharge certain debts for money, property, services, or an extension of credit to the extent it was obtained by: "false pretenses, a false

representation, or actual fraud, other than a statement in writing respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The Plaintiff must allege facts against the Debtor to support the following elements in order to sustain an action under Section 523(a)(2)(A) of the Bankruptcy Code: (1) the Debtor made a representation; (2) the Debtor knew at the time he made the representation that it was false; (3) the Debtor made the representation with the intent and purpose to deceive the Plaintiff; (4) the Plaintiff justifiably relied on the false representation; and (5) the Plaintiff suffered damages as a proximate result of the representation. *Id.* at 149.

Based upon the facts alleged, which are assumed to be true for purposes of the Plaintiff's request for judgment by default, the Court finds that the Complaint states a legitimate cause of action against the Debtor pursuant to 11 U.S.C. §523(a)(2)(A). Therefore, the Court finds that the debt owed to the Plaintiff is not dischargeable. The Plaintiff's Motion [20] will be granted. A separate Order will issue.

cc:  Debtor
     Plaintiff
     Counsel for Plaintiff - E. David Hoskins, Esq.
     Chapter 7 Trustee
     U.S. Trustee